[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Oct. 6, 2009
THOMAS K. KAHN
CLERK

No. 09-11399
Non-Argument Calendar

_____

Agency No. A078-743-445

YAN JUAN HUANG,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(October 6, 2009)

Before CARNES, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Yan Juan Huang, a Chinese citizen native to Fujian Province, seeks review

of the Board of Immigration Appeal's ("BIA") order dismissing her appeal from

the denial of her motion to reopen removal proceedings as untimely. Huang

sought asylum and withholding of removal under the Immigration and Nationality Act and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment based on a claimed fear of persecution on account of her Christian religion. Although Huang withdrew her application in August 2005 and was ordered removed to China, she moved to reopen removal proceedings in January 2008, asserting that, based on her marriage in the United States and the birth of her two children, as well as changes in China's family planning policy, she held a well-founded fear of being forcibly sterilized upon return to China. An immigration judge ("IJ") denied her untimely motion to reopen and the BIA dismissed her appeal for failure to demonstrate that country conditions in China had changed since her prior removal proceeding. On appeal, Huang argues that the BIA abused its discretion by refusing to grant reopening on account of a material change in personal circumstances, and neglecting to consider evidence purportedly showing that local family planning officials altered their enforcement of China's one-child policy. After careful review, we grant the petition, vacate the BIA's order, and remand to the BIA for further consideration.

When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's opinion. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). "Insofar as the [BIA] adopts the IJ's reasoning, we will review the IJ's decision as well." Id. Here, although the BIA noted that it

2

discerned no error in the IJ's decision for the reasons cited therein, it issued its own opinion and added its own analysis without expressly adopting the IJ's opinion. As such, we review only the BIA's decision.

We review the denial of a motion to reopen removal proceedings for abuse of discretion. Zhang v. U.S. Att'y Gen., 572 F.3d 1316, 1319 (11th Cir. 2009). Judicial review "is limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." Abdi v. U.S. Att'y Gen., 430 F.3d 1148, 1149 (11th Cir. 2005) (quotation omitted). Motions to reopen are especially disfavored in removal proceedings, "where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." Ali v. U.S. Att'y Gen., 443 F.3d 804, 808 (11th Cir. 2006) (quotation omitted). Although the BIA is not required to discuss every piece of evidence presented, it is required to give reasoned consideration to all the evidence submitted by the petitioner. See Tan v. U.S. Att'y Gen., 446 F.3d 1369, 1376 (11th Cir. 2006) (reviewing the denial of an application for withholding of removal). If the BIA fails to give "reasoned consideration" or make "adequate findings," it is appropriate to vacate and remand for further proceedings. Id. at 1376-77 (quotation omitted).

Ordinarily, an alien who is subject to a final order of removal and wishes to reopen the proceedings must file a motion to reopen within 90 days of the date of

3

the final removal order. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Nevertheless, the time limit is inapplicable if the alien can demonstrate "changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); see 8 C.F.R. § 1003.2(c)(3)(ii). An alien cannot circumvent the requirement of showing changed country conditions by demonstrating only a change in personal circumstances. Zhang, 572 F.3d at 1319. In several recent decisions, we held that evidence of enhanced enforcement or a recent campaign of forced sterilization in a petitioner's home province is sufficient to establish changed country conditions to warrant reopening of removal proceedings. See Li v. U.S. Att'y Gen., 488 F.3d 1371, 1375-76 (11th Cir. 2007), Jiang v. U.S. Att'y Gen., 568 F.3d 1252, 1257-58 (11th Cir. 2009), and Zhang, 572 F.3d at 1318-20.

Because Huang's motion to reopen was untimely, she needed to establish changed country conditions with previously unavailable evidence, and could not simply rely on evidence of changed personal circumstances. Huang failed to present evidence demonstrating increased enforcement in her home province with respect to Chinese natives, but she offered some evidence that may suggest that enforcement was significantly altered with respect to returnees with foreign-born

4

children. Previously available evidence from 2004 indicated that Fujian officials sanctioned the use of economic penalties on returnees to ensure compliance with the national family planning policy, but not physically coercive methods such as forced sterilization. A November 2007 "Notice Regarding the Birth Control Policy of Fujian Province," however, stated that Chinese citizens with foreign-born children would become targets for sterilization and were required to return to China to undergo sterilization procedures. It is unclear from the BIA's opinion whether it considered this 2007 Notice as it relates to returnees like Huang.

Because the BIA determined that Huang presented no evidence of escalated enforcement, its decision does not reflect reasoned and adequate consideration of all the evidence submitted in support of the motion to reopen, particularly the 2007 Notice. As a result, we find it necessary to remand to permit the BIA to consider the totality of the evidence in determining whether it is sufficient to establish changed country conditions. See Tan, 446 F.3d at 1376-77. Accordingly, we grant the petition for review, vacate the order denying the motion to reopen, and remand to the BIA for further consideration consistent with this opinion.

**PETITION GRANTED; VACATED and REMANDED TO THE BIA.**